Maropakis Carpentry v. United States Was there ever a request made to the contracting officer for a final decision? Your Honor, we believe that under Mendenhall and the St. George decisions, which are referenced in our brief, that the July 22, 2002 letter was sufficient because the contractor indicated in that letter that it was taking a contrary position to the government and specifically indicating that it did not agree with the assessment of liquidated damages. Of course, that letter doesn't really specify what the claim is, does it? Excuse me, Your Honor, it doesn't specify the amount, that's true. Isn't that a requirement? Under a case law such as St. George in the Banham Court, the requirement is that it put the government or the contracting officer on notice of the basis, and not necessarily of some certain. In this case, the contracting officer was put on notice that the contractor disagreed with the assessment of liquidated damages. But the problem is that it's not clear from this letter whether the request is for 107 days or whether it's a request for 345 days or some other number in between. It's just the letter specifically, the July 22 letter specifically refers to a 107 day extension and then concludes with a general reference to the Navy's aware of delays. Your Honor, and that's part of the government's argument. They maintain that Meripak has changed its position throughout, and I'll submit that the various correspondents reference different number of days of delay. But throughout, they've argued that any assessment of liquidated damages is improper because all delays were the responsibility of the contracting party. The government itself concedes in its June 28, 2002 letter, which is referenced in its brief, that the government was aware that Meripak was challenging the assessment of all of the liquidated damages, which is the $303,000 figure. So I would submit that under the case law, which permits the court to consider extrinsic evidence, the ongoing discussions between all the parties, the fact that the 107 days is in the July 22 letter is not fatal. The contracting officer was still aware of the basis for the claim, and it was not required to insert of some certain. There is federal precedent to confirm that, and that would be the decisions such as Mendenhall, Bannum, that as long as the contracting officer is placed on knowledge that the some certain need not be included. I found the discussion in the claims court opinion of Roxcoe. The court said, of course, that's a decision of the claims court, which isn't binding on us. Yes, Your Honor, I understand. Furthermore, the court said that plaintiff's reliance on Roxcoe is similarly misplaced. That case involved issues of timeliness and waiver. That doctrine has no application in the present matter. Jurisdictional adequacy of the contractor's underlying claims was not an issue as it is in our case. So we'll look at Roxcoe, but the claims court didn't think it was very relevant. Yes, Your Honor, and I would submit that that is not the case, that Roxcoe is directly on point, that where the claim is a set-off, that it is a government claim and not a contractor claim, which requires certification. Okay, all right, let's hear from the other side. Thank you, Your Honor. Thank you. Mr. Kiffner. Thank you, Your Honors, and may it please the court. This court should affirm the trial court's decision because Meropec has failed to submit a claim within the meaning of the Contract Disputes Act and because the government was entitled to judgment as a matter of law with respect to its counterclaim for liquidated damages. It's important to note before the court here what Meropec has argued before. But you're saying that having filed the claim for liquidated damages, no defense to that claim can be permitted. It's not what you're telling us? Well, the argument made in the trial court was that, according to Sun Eagle and Elgin Builders, that a contractor seeking to contest a liquidated damages assessment based upon entitlement to extensions of time is required to submit a claim. Here, however, in fact, in Meropec's opposition to the government's summary judgment, they did not, in fact, defend against liquidated damages based upon their extension requests. They said the delay was due to the government. That's not a defense? Well, they've attempted to assert their own claim, which is what they've argued on appeal, that their July 22, 2002 letter was a claim. A claim for the contract price, but we're talking about the claim for liquidated damages. You're saying that there's no way that they would be permitted to defend that claim unless they had filed a separate claim with the contracting officer for an extension, which would have, of course, would have negated the claim for liquidated damages. You're saying that's the only way that they could defend against this claim based on delay? First, I would simply say that the court need not reach that issue because Meropec did not argue it below. The trial court specifically found at page 49 of the joint appendix that Meropec has raised no genuine issues of material fact regarding the imposition of liquidated damages and, quote, nor does the plaintiff rely on its earlier unsuccessful attempts to persuade the Navy to extend the contract. There's no question of material fact in terms of the fact that it took longer to perform than was established in the contract and that liquidated damages were included in the contract. But there certainly was a question as to responsibility for the delay. That may be, but, in fact, that was not raised in opposition to the government's motion for summary judgment. I'm not sure I understand. You're saying they never asserted that the delay was due to the government? They did, but they attempted to do it based upon their own assertion of a claim. That is, they attempted to show that the government was responsible for the delays, but in doing so they attempted to argue that it was an affirmative claim on their own behalf. They wanted to be paid the contract price. I'm sorry? Of course, because they wanted to be paid the contract price. Yes. But you're saying that, therefore, there's no defense to the claim for liquidated damages? Pursuant to the claims court decisions in Sun Eagle and Elgin, which I Well, that's what's on appeal, is the claims court decision. The trial court relied upon those two decisions in holding that where a contractor asserts entitlement to extensions of time based upon delay, it is, in fact, required to file a claim with the contracting officer. But here I have to emphasize that Merrill-Page is defended against the government's motion solely by relying upon the fact that the liquidated damages clause functioned as a penalty. So you're saying there's a difference between an entitlement to an extension of time based on government-caused delay and government-caused delay as a defense? I guess I am, but I would just, again, emphasize that That's a very curious position for the government to take, is it not? How in the world can contractors cope if such lines are to be drawn? Well, in this particular case, the claim consistent with Sun Eagle and Elgin was that a term in the contract should be adjusted. That is, the completion date in the contract should be modified according to the delay asserted. That is an adjustment to a contract term, which would be a claim under the definition, under the CDA. That would have eliminated the liquidated damages claim, I agree. But you're saying they're not permitted to raise this defense unless they do it by requesting an extension of the term? Yes, they need to come forward with a request. Although I would, again, emphasize that the court need not reach that issue if it is not inclined to agree with that rule. It's a dispositive issue, is it not? If they're allowed to raise the defense, then it's irrelevant whether they also filed a claim with a contracting officer for an extension of time. Is it? I believe that's true. But again, here, when defending against the imposition of liquidated damages, they did not raise the delays. They said it was due to the government's delay. That's not raising the defense that it was due to the government's delay? They raised the defense that liquidated damages clause was a penalty in response to the government's motion for summary judgment. Not that the government's motion should be denied because we were entitled to extensions of time, notwithstanding the fact that we didn't submit a claim. But isn't all this subordinate to the lack of a certified claim? If the court finds that a claim is required, then it can agree fully with the trial court. And it doesn't matter what Merrill Pegas may have done. That is, if it finds that the trial court was correct that the July 22, 2002 letter, which is the only communication relied upon on appeal, does not constitute a claim based upon the trial court's findings and because of lack of certification, then that's all the court need find to affirm on this case. So the government's position is that any defense to a government claim has to be presented as a certified claim to the contracting officer? That is not our position, Your Honor. Pursuant to the decisions in Sun Eagle and Elgin, which the trial court relied upon. What's your position in this case? It's our position that Merrill Pegas could have, as it did here, contest the imposition of liquidated damages by arguing, for example, that the clause was an improper penalty or by arguing that there, in fact, was no delay, that the clause was not applicable because there was no delay. That is different than an adjustment of the contract terms, which is what Merrill Pegas sought in this case, or what Merrill Pegas claims in this case, not what it defended the government's motion for summary judgment based upon. So the government's position is that if we accept that this was an error in pleading, that ends their claim or their defense? Yes. I mean, they would have waived the ability to defend. I mean, what they're arguing is that we should have been entitled to present evidence of delay, regardless of whether we filed a claim or not, because this is a government counterclaim. Because it's a defense. But they didn't do that in the trial court. They did not actually raise those issues in response to the government's motion in the trial court. They didn't get to it. Because the trial court, because they had argued before the trial court at first that they had, in fact, their own claim. They essentially circled around at the end and said, well, this actually isn't our claim. It's a government claim. And they attempted to argue based upon Placeway and Roxcoe that this was, in fact, nothing more than a government counterclaim and was a challenge by them to it. What is the relevance of Roxcoe? I'm not sure that it is relevant, given the way it was distinguished by the trial court. And Placeway is similarly distinguishable. We do not contest that there's jurisdiction over the government's counterclaim for liquidated damages. Nor do we contest that Meropecus could challenge or defend against that imposition based upon either the fact that the clause functions as a penalty or because it was inapplicable. Whether Meropecus may defend against it based upon its entitlement to extensions of time is simply not an issue that is before this court because they didn't attempt to do so in the trial court. And that is our position here. With respect to the letter, the July 22, 2002 letter, Meropecus relies only upon this communication. The trial court, viewing the totality of the circumstances, found that this letter did not suffice to constitute a claim. For several reasons. First, because it had abandoned prior requests for extensions. It had abandoned essentially four of the five grounds that had been asserted just a year earlier. It did not state a request for a final decision. It did not provide a sum certain. And it was part of ongoing negotiations. That is, in July of 2002, when the letter was sent, the parties were still engaged in a back and forth, which is embodied in a later October 2002 meeting in which they ultimately discussed this issue. A claim, as the trial court noted, represents an impasse in negotiations. A point at which the contractor must decide that it can no longer negotiate with the government and that it must then focus its attention on complying with the CDA for purposes of pursuing its claim. And finally, Meropecus raises an argument regarding the jurisdiction of this court. And I'm sorry, of the Court of Federal Claims, and that it should be susceptible to equitable considerations. But of course, the Court of Federal Claims and the waiver of sovereign immunity embodied in both the Tucker Act and the CDA are not amenable to equitable considerations and therefore should be ignored on appeal here. Is that accurate? At least if you look at the history of the Court of Claims, equitable adjustments was something that they constantly did. And as a result, they were deemed a fair and just arbiter of disputes between the government and its contractors. You're saying no more equity? No, I'm simply saying that for the purposes of compliance with the CDA, equitable considerations, which they have raised in their brief, such as, well, we might not have technically complied with the CDA, but we did, the contractor should have known, or the government was potentially... The CDA is the basis of much or most, perhaps all, of the claims against the government. I just want to be sure I understand the government's position is that the court can no longer consider equity. The court must still look to the requirements of the CDA and that a failure to comply with the requirements of the CDA, whether it's filing a claim or seeking or obtaining proper certification on that claim, necessitates dismissal of the action. So you are saying that equitable adjustments are not available? I'm saying that equitable considerations can't relax the jurisdictional... the already existing jurisdictional limitations placed on the court. It's a question of jurisdiction, isn't it? You're saying that they lose because they didn't file a claim with a contracting officer. I don't think that's a matter of jurisdiction. If there was no claim filed, there would in fact be no jurisdiction in the Court of Federal Claims over that action. I mean, in a hypothetical situation, in a Contract Disputes Act case, if a plaintiff comes into court without obtaining either... without either submitting a claim or obtaining a final decision, it has no... the court has no jurisdiction. So I just want to be sure I understand the government's position. They're not permitted to raise delay as a defense. They had to file it with a contracting officer. Having failed to file it with a contracting officer, they're now barred from raising it as a defense, and the court is precluded from considering the equities. The government's argument is that if, to the extent the plaintiff makes an affirmative claim to adjust terms of the contract, that is a claim that requires compliance with the CDA. Now, if the court accepts the appellant's placeway characterization of this, and that this is nothing more than a government counterclaim, the issue of whether Meropecus may still, despite the fact that it did not file a claim or receive a final decision, may still defend upon those alleged delays, is not before this court because it was not argued below. They did not argue that, notwithstanding our failure to file a claim or submit a claim and certify it, we can still defend. They did not argue that. They argued only that the clause functioned as an improper penalty, and that equitable considerations regarding whether a claim need be filed or what the government may or may not have known simply does not displace the jurisdictional limitations of the court. You said that the contractor was arguing that the liquidated damages was an improper penalty. Yes. The opinion of the Court of Federal Claims says that plaintiff seeks damages resulting from the Navy's denial of Meropecus' request to extend the time for completion of a contract project, a construction project. It sounds to me like the Court of Federal Claims thought that the claim was damages from the denial of the request to extend the time of the contract. That seems to be different from what you're arguing, that they're just challenging the liquidated damages as an improper penalty. Well, they did assert, based upon their belief that they had submitted a claim, and they did assert that Meropecus should have been entitled to various delays, various extensions based upon delay. So they were presenting a claim for an extension of the contract terms based on the various delays that they attributed to the government. Yes, their complaint does that, yes. But in response to the government's motion for summary judgment, they did not raise those issues. They raised only the idea that the clause functioned as a penalty. The trial court made that finding. It's at page 49 of the joint appendix. It specifically states that the plaintiff does not rely upon its prior request for extensions of time in response to the government's motion for summary judgment. So you're not saying that they didn't assert a claim for an extension of the time for the contract. You're saying that they both asserted a claim for an extension of time and defended the government's claim for liquidated damages and with respect to the government's claim, they simply asserted that that was an improper penalty and didn't assert the contract delays as a defense to that claim. Yes, I believe that's correct, yes. Okay, any more questions? No further questions. We respectfully request that the court affirm the trial court knowledge. Thank you, Mr. Kiffner. Mr. Vittori. Very briefly, your honors. I would like to respond first. I believe Judge Lynn may have covered it, but the lower court in describing the pleadings in this case acknowledged that Maricapis had filed the complaint. The government answered and then asserted a counterclaim for the liquidated damage, actually a counterclaim for an additional $60,000, which was the amount of the assessed liquidated damages above and beyond the contract retainage. The court pointed out that in its answer to the government's counterclaim, Maricapis specifically denied that it was responsible because any failure to perform was the result of the government, not of its own. In this case, the record below, clearly from the trial court's opinion, is replete with evidence that the cause of the delay was the government, not Maricapis. That's our position, obviously. The government respectfully disagrees. So I think that to argue that the court cannot consider evidence of delay as a defense to the government's claim for liquidated damages is without any merit and frankly an issue of semantics that shouldn't be considered. Secondly, I'd like to address Judge Newman's discussion concerning equitable principles. While we believe that the trial court should be reversed based on the reasons I previously argued, we'd also urge the court to consider equity. In response, counsels indicated that the court cannot. And in its brief, it cites two cases, a Minnesota case and a Hercules decision for the titles. I'd point out that neither of these cases involve construction contract disputes act in any way, shape, or form. These are cases that are wholly unrelated. The one case involves a request under fairness and equity grounds to impose automatic indemnification against the government when government contractors produce poisonous substances such as Agent Orange. That's not the case here. We're not asking the court to overrule statutory language and impose automatic indemnification. And we would submit that equity in this case would provide a basis for overruling the lower court. That's all I have. Any questions? Thank you. The case is taken under submission. Thank you.